OPINION OF THE COURT
SCIRICA, Chief Judge.
Defendant John Carl Warren pleaded guilty to possession of child pornography. He appeals only his sentence of 120 months of imprisonment, 10 years of supervised release, a fine of $500, and a special assessment of $100. We will affirm.
*417 I.
From late 2004 through early 2005, Warren was the target of a child pornography investigation by an Illinois police department. A detective in an online chat room posed as a 15-year-old girl in Illinois. Warren had over 30 sexually explicit communications with the “girl,” both in the chat room and over the telephone. He also e-mailed her sexually graphic images of himself as well as more than 160 sexually graphic images and more than 20 sexually graphic video clips of child pornography. The images and videos Warren sent included sado-masochistic material involving children under 12. Warren also attempted to persuade the “girl” to travel to Pennsylvania to have sex with him, and eventually made specific plans to travel to Illinois to pick her up and bring her back to Pennsylvania.
Based upon this evidence, on January 27, 2005, police obtained and executed a search warrant at Warren’s residence, seizing a computer and other materials. In a subsequent interview, Warren admitted the above conduct and admitted possessing child pornography. Forensic examination of the material seized revealed 550 images and 36 video clips of child pornography.[1] Many of the images depicted sadistic or violent acts involving young children.
Pursuant to a plea agreement, Warren pleaded guilty to a single count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Based on Warren’s offense level[2] and criminal history category,[3] the Presentence Investigation Report (“PSR”) calculated an advisory Sentencing Guidelines range of 168 to 210 months imprisonment. However, Warren was subject to a statutory maximum sentence of 10 years pursuant to 18 U.S.C. § 2252A(a)(5)(B). Accordingly, the Guidelines recommendation was 120 months.
In his sentencing memorandum and at the sentencing hearing held on November 5, 2008, Warren requested a downward variance from the Guidelines recommendation based on the nature and circumstances of the offense as well as his personal history and circumstances. Warren also argued that the statutory maximum sentence was not appropriate because the child pornography Guidelines should be afforded less deference than other Guidelines provisions. Specifically, Warren contended the child pornography Guidelines were flawed because several amendments to the Guidelines, beginning with the PROTECT Act, Pub.L. No. 108-21, 117 Stat. 650 (2003),[4] were made without adequate study and review, were not established pursuant to empirical research, and result in the average defendant receiving a recommendation at the statutory maximum sentence, regardless of acceptance of responsibility and criminal history. The Government submitted that the Guidelines *418 sentence of 120 months was appropriate under the grave facts of the case and in consideration of the intent of Congress and the Sentencing Commission to protect children from sexual exploitation.
Having heard from Warren and the Government, and having considered the PSR, the District Court found that “a sentence in the [Guideline range is appropriate under all of the circumstances.” Accordingly, the court imposed a sentence of 120 months of imprisonment, 10 years of supervised release, a fine of $500, and a special assessment of $100. This timely appeal followed.[5]
II.
Warren challenges the substantive reasonableness of his sentence. He contends the District Court failed to give meaningful consideration to his arguments regarding his character, health, limited education, and absence of any prior criminal history, and his argument that the child pornography Guidelines were not entitled to the court’s deference. Warren admits the District Court acknowledged his arguments at sentencing, but contends the record does not reflect that the factors were meaningfully considered or reasonably applied.
We review for abuse of discretion. United States v. Wise, 515 F.3d 207, 218 (3d Cir.2008). This standard is highly deferential. We cannot reverse a District Court merely because we disagree with a sentence. If the sentence “falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm.” Id. “Ultimately, ‘[t]he touchstone of “reasonableness” is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).’ ” United States v. Tomko, 562 F.3d 558, 568 (3d Cir.2009) (en banc) (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir.2007) (en banc)); see also United States v. Cooper, 437 F.3d 324, 329 (3d Cir.2006).
Here, the District Court more than adequately considered the § 3553(a) factors— including all of the issues raised by Warren in this appeal — and its colloquy was thorough and reasonable. In considering the nature and circumstances of the offense, the court addressed the seriousness of the offense, noting that “this particular instance of child pornography” was the “most serious” it had ever seen. The court found it was clear that Warren meant to cause harm and did cause harm. The fact that Warren “actually intended to lure a child across state lines and took steps to that end” and “believed that he was communicating with a minor for sexual purposes” “weighted] heavily against him, even considering his lack of prior criminal history, his limited education, and his poor health.” The court found the Guidelines range “reflect[ed] fairly the severity of the offense and the need for punishment, rehabilitation, and to protect the public.” Further, the sentencing transcript reveals the court considered Warren’s argument that the Guidelines deserved less deference than the typical case.[6] After listening to Warren’s argument, the court specifically asked the Government to respond. In response, the Government contended the history of congressional action and amendments to the *419 Guidelines demonstrate considered judgments “that take into account the incalculable harm of these crimes.”
The District Court made sufficiently clear it considered Warren’s arguments with respect to the § 3553(a) factors, but found the arguments unpersuasive in light of the evidence before it. Viewed as a whole, the record demonstrates the court “adequately considered the § 3553(a) factors and reasonably applied them to the circumstances presented in [Warren’s] particular case.” Cooper, 437 F.3d at 332. Because the Guidelines sentence imposed “falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm.” Wise, 515 F.3d at 218.
III.
For the foregoing reasons, we will affirm the sentence the District Court imposed.

. Because each video clip is considered to contain 75 images under the Sentencing Guidelines, U.S.S.G. § 2G2.2 cmt. n.4(B)(ii), Warren possessed the equivalent of 3250 images of child pornography.

. Warren's offense level under Guideline § 2G2.2 was 35, which included a base offense level of 18, an adjustment for acceptance of responsibility, and enhancements for material involving children under 12; distribution of child pornography to a minor intended to entice the minor to engage in illegal sexual conduct; material portraying sado or masochistic conduct or violence; use of a computer for transmission and distribution; and possession of more than 600 images of child pornography.

. Warren's lack of any criminal history resulted in a criminal history category of I.

. Through the PROTECT Act, Congress increased the mandatory minimum and maximum sentences, increased base offense levels, and added an enhancement for, inter alia, number of images, in child pornography cases.

. The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

. Warren has not made an argument under Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), and Spears v. United States, - U.S. -, 129 S.Ct. 840, 172 L.Ed.2d 596 (2009), that the District Court was not aware of its power to vary below the Guidelines as a matter of policy. In any event, we have held in a similar context that it is not an abuse of a sentencing judge’s discretion to decline to vary on the basis of a policy disagreement with the Guide *419 lines. See United States v. Arrelucea-Zamudio, 581 F.3d 142, 148 (3d Cir.2009).